MICHAEL P. STONE, SBN 91142
MUNA BUSAILAH, SBN 166328
ROBERT RABE, SBN 72312, members of
STONE BUSAILAH, LLP
*A Partnership of Professional Law Corporations*
200 East Del Mar Boulevard, Suite 350
Pasadena, California 91105

Telephone:        (626) 683-5600
Facsimile:        (626) 683-5656
Email:            j.montgomery@police-defense.com

Attorneys for Defendant, CHRISTOPHER JOHNSON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>          v.<br><br>**CHRISTOPHER JOHNSON** and ROBERT KIRSCH,<br><br>                  Defendants. | NO.  CR 14-00208-BRO<br><br>NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING ACCESS TO WITNESSES; DECLARATIONS OF ROBERT RABE AND HANK LOBO<br><br>(Assigned for all Purposes to Honorable Beverly Reid O'Connell, United States District Judge)<br><br>MOTION DATE: June 1, 2015<br>                         9:00 a.m.<br><br>FINAL STATUS CONFERENCE: June 8, 2015<br>                         9:00 a.m.<br><br>TRIAL DATE:  June 16, 2015<br>                         8:30 a.m. |

**TO THE COURT AND PARTIES BY COUNSEL:**

    Defendant Christopher Johnson hereby moves this Court for an order, or orders, which will allow him access to witnesses in this criminal case.

///

1    The grounds for the motion are, the "meaningful opportunity to present a

2 complete defense" guaranteed by the Federal Constitution is denied when there is

3 interference with a defendant's ability to secure witness testimony.

4    The motion is based on this Notice of Motion, the Memorandum of Points and

5 Authorities attached hereto, the Declaration of Robert Rabe, the Declaration of Hank

6 Lobo, the files and records in the case and such further and additional matters and

7 argument as may be presented at the hearing on the Motion.

8

9 Dated: May 22, 2015                          STONE BUSAILAH, LLP

10                                             /s/ Robert Rabe

11                                             _____

12                                             ROBERT RABE, Attorneys for
                                               Defendant Christopher Johnson

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I. INTRODUCTION

The "meaningful opportunity to present a complete defense" guaranteed by the Federal Constitution is denied when there is interference with a defendant's ability to secure witness testimony.  In this case, defendant Christopher Johnson has been denied access to interview witnesses by the Santa Barbara County Sheriff's Office, (and possibly others).

## II. BACKGROUND AND FACTS

The indictment in this case charges Santa Barbara County Jail custody deputies Christopher Johnson and Robert Kirsch with deprivation of rights under color of law, in violation of 18 U.S.C. §§ 242 and 2, and also charges Johnson with obstruction of justice, in violation of 18 U.S.C. § 1512 (b)(3).  The charges stem from an incident that occurred at the Santa Barbara County Jail on June 17, 2013.

To present a "complete defense", Johnson's attorney needs to interview Santa Barbara County Sheriff's Office ("SBCSO") employees who are potential percipient witnesses to the events surrounding the incident that occurred on June 17, 2013, SBCSO employees who are potential witnesses to "use of force" and other relevant training provided to Christopher Johnson by the SBCSO, and SBCSO employees who are potential (co-worker) character witnesses on behalf of Christopher Johnson.

Hank Lobo, a private investigator retained to interview these potential witnesses on behalf of Christopher Johnson in this case, arranged a series of interviews with employees in the SBCSO.  These employees were willing to speak with Hank Lobo concerning their knowledge of the facts and circumstances relating to the **criminal** charges filed against Christopher Johnson.  (See Declaration of Hank Lobo, attached hereto.)  Unfortunately, as this Court will discover, there has been

1  substantial interference with defendant Johnson's constitutionally guaranteed right of
2  access to these witnesses.

3      After command staff at the SBCSO became aware that Johnson's investigator
4  was going to meet with these potential witnesses, they were ordered by their Sergeant,
5  Richard Zepf[1], "not to have communication with this person". (See Declaration of
6  Robert Rabe, Exhibit 1.) These potential witnesses were also ordered by James Meter,
7  the Custody Commander, not to speak to "any attorney" or "any investigator" who
8  may be working for an attorney. (See Declaration of Robert Rabe, Exhibit 1.) It
9  seems that the decision to deny access to these potential witnesses may have
10 originated with the Santa Barbara County Counsel. (See Declaration of Robert Rabe,
11 Exhibit 2.)

12     After the orders not to speak with Johnson's investigator were issued, Hank
13 Lobo attempted to speak with witnesses whose interviews had been arranged and/or
14 arrange interviews with witnesses who had been willing to speak with him. After the
15 orders and directives not to speak with Johnson's investigator were issued, Hank Lobo
16 was unable to speak to or meet with these potential witnesses in this **criminal** case.
17 (See Declaration of Hank Lobo.)

18

19 ## III. DISCUSSION

20

21     "[T]he Constitution guarantees **criminal** defendants 'a meaningful opportunity
22 to present a complete defense.'" (*Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct.
23 2142, 2146 (1986).) This right is safeguarded, in part, by a "constitutional access to
24 ///

---

26 [1]Interestingly, Richard Zeph, like Christopher Johnson, is a defendant in the civil suit filed
27 by the complainant in this criminal case. Unlike Christopher Johnson however, Richard Zeph's
   defense in that action is being paid for by the County of Santa Barbara and he is being represented
28 by the Santa Barbara County Counsel.

1  evidence." (*California v. Trombetta*, 467 U.S. 479, 485; 104 S.Ct. 2528, 2532

2  (1984).)

3       The right to present a complete defense encompasses access to witnesses during

4  the investigation phase of the defense. (See *Fenebock v. Dir of Corr. for Cal.*, 681

5  F.3d 698, 974 n.5, [assuming that "the right to have access to adverse witnesses before

6  trial is necessarily implied by the right to a 'meaningful opportunity to present a

7  complete defense'"], amended, 692 F.3d 910 (9th Cir. 2012); *United States v.*

8  *Carrigan*, 804 F.2d 599, 603 (10th Cir. 1986), ["[W]itnesses in a criminal prosecution

9  belong to no one, and [,] subject to the witness[es'] right to refuse to be interviewed,

10  both sides have the right to interview witnesses before trial."]; *United States v. Scott*,

11  518 F.2d 261, 268 (6th Cir. 1975), [stating a "defendant is entitled to have access to

12  any prospective witness although such right of access may not lead to an actual

13  interview"]; *Gregory v. United States*, 369 F.2d 185, 188 (D.C. Cir. 1966), [noting

14  that "elemental fairness and due process" require that the defendant in a criminal

15  proceeding have the opportunity to question witnesses].)

16       In *Gregory*, supra, witnesses refused to talk to defense counsel after the

17  prosecutor told them not to do so unless he was present. (Id. At 187.) In describing

18  the inequity of such conduct, the court stated,

19       "[N]othing in the law gives the prosecutor the right to interfere with the

20       preparation of the defense by effectively denying defense counsel access

21       to the witnesses except in his presence. Presumably the prosecutor, in

22       interviewing the witnesses, was unencumbered by the presence of

23       defense counsel, and there seems to be no reason why defense counsel

24       should not have an equal opportunity to determine, through interviews

25       with the witnesses, what they know about the case and what they will

26       testify to. (Id. At 188.)

27  ///

28

1    The court found the prosecutor's advice to the witnesses suppressed "the means

2 by which the defense could obtain evidence." (Id. At 189.) Without "a fair

3 opportunity for interview[,]" defense counsel "could not know what the eye witnesses

4 were to testify to or how firm they were in their testimony[.]" (Ibid.) The court

5 concluded that this interference denied the defendant a fair trial. (Ibid.)

6    Here, witnesses have been instructed not to speak with defense counsel and/or

7 their investigator. It makes no difference if the directive to these witnesses comes

8 from the local agency, a local government attorney, or state or Federal prosecutors,

9 because the result will be the same - Christopher Johnson will not have a "meaningful

10 opportunity to present a complete defense" in this **criminal** case. It should make no

11 difference that the directive not to speak with defense counsel and/or their investigator

12 may come from the County Counsel whose office is defending Santa Barbara County

13 in a related civil action. The Constitutional Right of a defendant in a criminal case to

14 "present a complete defense" does not change (or become any less) because the

15 criminal complainant chose to file a concurrent civil action.

16    Once this Court determines that there has been substantial interference with

17 Christopher Johnson's right to access witnesses, it must consider what remedy is

18 appropriate to prevent this from continuing to occur. In this case, it may be

19 appropriate to instruct and order those responsible for the interference to stop such

20 action and refrain from doing so. It may also be appropriate to instruct and order the

21 SBCSO to withdraw its directive to its employees not to speak with the attorneys

22 representing Christopher Johnson and/or his investigator, and issue a further directive

23 to these potential witnesses that they are free to discuss the facts and circumstances

24 surrounding this case with the attorneys representing Christopher Johnson and/or his

25 investigator, **without restrictions, should they desire to do so.**

26

27

28

# IV. CONCLUSION

For all of the above stated reasons, it is respectfully requested that this Court make a finding that there has been substantial interference with Christopher Johnson's right to access witnesses, that such action by a government agency, (be it local, state of Federal), may prevent Christopher Johnson from having a "meaningful opportunity to present a complete defense" in this case, and fashion an appropriate remedy which will allow Christopher Johnson to exercise his rights and have access to these witnesses without such interference.

Dated: May 22, 2015                           STONE BUSAILAH, LLP

                                              /s/ Robert Rabe
                                              _____

                                              ROBERT RABE, Attorneys for
                                              Defendant Christopher Johnson

# Declaration

# DECLARATION OF ROBERT RABE
# IN SUPPORT OF MOTION FOR ORDER

I, Robert Rabe, do hereby declare:

1. I am an associate attorney in the law firm of Stone Busailah, LLP, attorneys for Defendant Christopher Johnson. The facts stated herein are of my own personal knowledge, and to those facts not of my own personal knowledge, I believe them to be true.

2. On or about April 15, 2015, I was informed that our investigator, Hank Lobo, was having problems interviewing potential witnesses who were employees of the Santa Barbara County Sheriff's Office.[1] It was explained to me that these potential witnesses had been instructed by someone in the Santa Barbara County Sheriff's Office not to speak to him.

2. I was scheduled to attend depositions on April 16, 2015, where Mary Pat Barry would be present. Ms. Barry is the County Counsel assigned to represent the County of Santa Barbara in a civil suit filed by Charles Owens, the complainant in the present criminal case. It was my intention to meet with Ms. Barry when the depositions were completed, discuss the situation and inform her such action by the Santa Barbara County Sheriff's Office violated Christopher Johnson's Constitutional Rights because it interfered with his ability to secure witness testimony. It was my desire Ms. Barry would then explain to the Santa Barbara County Sheriff's Office that such action was improper and should stop.

3. When I raised the issue with Ms. Barry, she explained to me that our attempts to interview "her" clients, without her knowledge and permission, was

---

[1]None of the Santa Barbara County Sheriff's Office employees that Christopher Johnson was seeking to interview were among the limited upper command group whose acts or omissions would bind the organization or be imputed to it.

improper. She also told me that any interview of any Santa Barbara County Sheriff's Office employee, if one were to be allowed at all, could only take place if she or another County Counsel were present.

4. I have attached as Exhibit 1 to this declaration, emails that were provided to me which I believe were among the communications sent by members of the Santa Barbara County Sheriff's Office to potential witnesses that interfered with Christopher Johnson's ability to secure witness testimony.

5. I have attached as Exhibit 2 to this declaration, an email and letter sent to Mary Pat Barry on May 15, 2015, in an attempt to resolve this situation without involving the Court. In that letter, I requested of Ms. Barry the same resolution to the dispute that I have asked this Court to now provide. To date, I have not received a response from Ms. Barry.

I declare under penalty of perjury according to the laws of the United States that the foregoing is true and correct.

This declarations is executed at Pasadena, CA on May 22, 2015.

/s/ Robert Rabe
By ROBERT RABE, Attorney for
Defendant Christopher Johnson

# Exhibit 1

**Robert Rabe**

| | |
|---|---|
| **From:** | Robert Rabe |
| **Sent:** | Monday, May 18, 2015 5:03 PM |
| **To:** | Robert Rabe |

**From:** Meter, James
**Sent:** Wednesday, April 15, 2015 3:55 PM
**To:** !Custody SORT; !Custody Transportation
**Cc:** Maynard, Brenda; Powell, Charles; Hamilton, Kelly
**Subject:** RE: Contact from Private Investigator

Additional info:  this is to include any investigators who may be working for the attorney as well.  You are to decline comment and refer the person to County Counsel. If a name is requested, refer them to Mary Pat Barry at County Counsel.

Thank you and please do not hesitate to contact your supervisor should you have any questions.

*James*

**James L. Meter,** CJM – Custody Commander | Jail Operations Division | Santa Barbara County Sheriff's Office – www.sbsheriff.org | Office 805.681.4020 | Mobile 805.896.5176 | jlm2276@sbsheriff.org

**From:** Meter, James
**Sent:** Wednesday, April 15, 2015 2:48 PM
**To:** !Custody@Transportation.'; !Custody SORT
**Cc:** Maynard, Brenda; Powell, Charles; Hamilton, Kelly
**Subject:** Re: Contact from Private Investigator

Per Counsel, please do not speak to this, or any other attorney related to this case. If you receive a call/contact, please refer the person to County Counsel. You do not need to provide contact information for County Counsel if requested.

Please keep me informed as to any contact you may have.

Thank you,

James

James L. Meter, Custody Commander / Jail Operations Division / Santa Barbara County Sheriff's Office / 4436 Calle Real, Santa Barbara, CA 93110 / Office: 805.681.4020 Mobile: 805.896.5176 / jlm2276@sbsheriff.org

**From:** Zepf, Richard
**Sent:** Wednesday, April 15, 2015 02:31 PM
**To:** !Custody Transportation
**Subject:** Contact from Private Investigator

Good afternoon,

1

I know a few of you have been contacted by a private investigator working for Chris Johnson's attorney.  Per Commander Meter you are not to have communication with this person until County Counsel has had a chance to look into this situation.  You will be notified through your chain of command on how to proceed when a decision has been made.

I know this is an awkward situation for all of you, but let's make sure to follow this directive to letter.  If you have any questions, you have all of my numbers and Email.

Thank you,


Rick Zepf
Sergeant
Santa Barbara County Sheriff's Office
South County Operations Transportation Unit
Office: (805) 681-4052
Cell: (805) 896-4733
rdz3659@sbsheriff.org

Exhibit 2



# Stone
# Busailah, LLP
A Partnership of Professional Law Corporations\*

Michael P. Stone, P.C.\*
Muna Busailah, P.C.\*
Michael P. Stone
Muna Busailah †
Stephen P. Chulak
Michael D. Williamson
Robert M. Todd
Travis Poteat
Robert Rabe ‡

† Solicitor, England and Wales
‡ Barrister, England and Wales

❑ PRINCIPAL OFFICE
200 East Del Mar Boulevard, Suite 350
Pasadena, California 91105
Telephone: (626) 683-5600
Facsimile: (626) 683-5656

❑ RIVERSIDE COUNTY OFFICE
6215 River Crest Drive, Suite A
Riverside, California 92507
Telephone: (951) 653-0130
Facsimile: (951) 656-0854

May 15, 2015

Mary Pat Barry, Esq.
Senior Deputy County Counsel
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, California 93101

     Re: United States v. Christopher Johnson
        People v. Christopher Johnson
        Owens v. County of Santa Barbara, et al.

Dear Ms. Barry:

Following the depositions that took place on April 16, 2015, I began a discussion with you about the interference Christopher Johnson's investigator has had with interviewing witnesses for his upcoming trial. According to our investigator, it is apparent that upper management at the Santa Barbara Sheriff's Department ("SBSD") has given orders to SBSD employee witnesses not to speak with him. When I brought up with you what has been happening, you expressed no surprise and, in fact, made it clear to me that you had instructed the SBSD to do so. You explained to me that you believed it to be improper for us to have contacted a "party," in this case deputies in the SBSD, without first seeking, as counsel for the Department, your permission. You also told me that no interview of a deputy could take place without you, or another attorney representing the Department, being present.

Mary Pat Barry, Esq.
May 15, 2015
Page 2

What you have failed to consider is that, in addition to the civil action, where you do represent the Department, Christopher Johnson is also facing both State and Federal **criminal** charges. Instructions to possible witnesses not to speak with the defense in a criminal case violate federal law, state law, and possibly the Rules of Professional Conduct. We respectfully request that no further interference take place and, to rectify the situation, that SBSD deputies be advised they are allowed to speak with our investigator.

The controlling case on this issue is *Gregory v. United States*, 369 F.2d 185, 188 (D.C. Cir. 1966). This case has been favorably cited in several 9th circuit cases, as well as California state cases. The *Gregory* case holds that a government attorney may not prevent a defendant the opportunity to interview a witness relevant to his defense. Specifically, the court held that denying a defendant the opportunity to interview and speak with a witness is unfair and a violation of a defendant's due process rights. The court explained that "both sides have an equal right, and should have an equal opportunity to interview [witnesses]" (*Id.*) The court further emphasized that "a criminal trial … is a quest for the truth. That quest will more often be successful if both sides have an equal opportunity to interview the persons who have the information from which the truth may be determined." (*Id.*) You should note that *Gregory* does not require that the government actually "suppress" or "hide" evidence to be in violation of a defendant's due process rights. (*Id.*) The court held that just *advising* a witness not to speak with defense counsel was in itself a violation of a defendant's due process rights. (*Id.*)

In *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984) the court reiterates the proposition found in *Gregory* that "witnesses [] to a crime are the property of neither the prosecution or the defense." The court emphasizes a fundamental point of both criminal and civil law – that both sides must have an equal opportunity to interview witnesses. (*Id.*) Of note, and directly on point to what appears to be occurring here, is *United States v. Womack*, 542 F.2d 1047 (9th Cir. 1976). In *Womack*, the court held that it is misconduct if a government attorney directs law enforcement officers to be uncooperative and not speak with the representative of a criminal defendant. (*Id.* at p. 1052).

A directive by the government, here by County Counsel and/or SBSD officials, for all employees to refrain from speaking with the defense and/or to not speak with the defense unless certain conditions are met, seems to be exactly what is occurring here. This may

Mary Pat Barry, Esq.
May 15, 2015
Page 2

not be intentional misconduct, or a deliberate attempt to violate Mr. Johnson's due process rights, but under federal law that is exactly what has occurred.

We trust that, after reviewing the relevant authorities, our investigator will have no further problems setting up meetings with witnesses who may desire to speak with us and possibly assist the defense in the **criminal** matter.

Cordially,

ROBERT RABE

# Declaration

## DECLARATION OF HERNANDES "HANK" LOBO
## IN SUPPORT OF MOTION FOR ORDER

I, Hernandes "Hank" Lobo, declare under penalty of perjury according to the laws of the United States:

1.      I am a private investigator duly licensed in California and I am currently employed by A.E.S., Inc.  The facts stated herein are of my own personal knowledge.  As to those facts stated that are not of my own personal knowledge, I believe them to be true.  If called as a witness, I would testify in conformity with the statements herein.

2.      I am retained by counsel for defendant Christopher Johnson as a defense investigator for this case.  Part of my job includes interviewing potential witnesses who have, or may have, information relevant to Johnson's defense.  The purpose of this declaration is to describe my efforts to interview and communicate with several Santa Barbara County Sheriff's Department ("SBCSD") personnel.

 to me, and would not give any specific answers to my questions.  On the date the interview was scheduled, April 16, 2015 around 8:30 a.m., I placed a call to Deputy A in an effort to find out more information about why he had canceled our interview at the last minute.  I have not received any phone calls, text messages, or emails in return from Deputy A to date.  It is my belief that Deputy A will not speak with me due to a department order not to do so.

3.      I scheduled an interview for April 16, 2015 with a SBCSD deputy, "Deputy Doe 1."[2]  The night before the interview, on April 15, 2015, I received a phone call from Deputy Doe 1, who told me (the Deputy) could not participate in the interview because personnel were forbidden by supervision at SBCSD from

_____

[2] "Deputy Doe 1" (and other "Does" herein) are fictitious names used here to describe identified employees of SBCSD without using their true names, which could expose them to adverse consequences in employment.

1  communicating with me, unless arrangements were made with County Counsel.   At

2  about 8:30 a.m.,  on the date the interview was scheduled, April 16, 2015, I placed a

3  call to this Deputy, hoping to find out more information about why this Deputy could

4  not or would not cooperate with my request for an interview.   I did not receive any

5  phone calls, text messages, or emails in response to my message from this Deputy to

6  date.

7        4.      I also scheduled an interview for April 16, 2015 with "Deputy Doe 2."

8  In the late afternoon of April 15, 2015, I received a text message from this Deputy

9  that the interview could not go forward and would need to be rescheduled.  There was

10  no explanation given by this Deputy for the cancellation.  I have not received any

11  phone calls, text messages, or emails from this Deputy since then.

12        5.      I have been talking to SBCSD "Deputy Doe 3" about arranging an

13  interview.   This Deputy claimed to be willing to interview with me, but said that

14  permission would have to be obtained from supervision.  Then, on April 16, 2015, I

15  called this Deputy to arrange the interview, and to inquire whether this Deputy had

16  spoken with the supervisor.  This Deputy told me that the supervisor said not to meet

17  or talk with me or any investigator on behalf of Christopher Johnson until there was

18  further direction from the upper chain of command.   The Deputy perceived this

19  statement to be an order not to provide information to me unless further directed by

20  supervisors to do so, according to what the Deputy told me.

21        I declare under penalty of perjury according to the laws of the United States that

22  the foregoing is true and correct, and that this declaration is executed at *Los Angeles*

23  California on May 22, 2015.

24

25

26  HERNANDES "HANK" LOBO

27

28

# STONE
# BUSAILAH, LLP
**A Partnership of Professional Law Corporations***

| | |
|---|---|
| Michael P. Stone, P.C.* | ☐  **200 East Del Mar Boulevard, Suite 350** |
| Muna Busailah, P.C.* | **Pasadena, California 91105** |
| Michael P. Stone | **Telephone: (626) 683-5600** |
| Muna Busailah † | **Facsimile: (626) 683-5656** |
| Stephen P. Chulak | |
| Michael D. Williamson | |
| Robert M. Todd | ☐   **Riverside County Office** |
| Travis M. Poteat | **6215 River Crest Drive, Suite A** |
| Robert Rabe ‡ | **Riverside, California 92507-9749** |
| | **Telephone: (951) 653-5152** |
| † Solicitor, England and Wales | **Facsimile: (951) 656-0854** |
| ‡ Barrister, England and Wales | |

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO:  **(805) 568-2982**

| | |
|---|---|
| To: | Office of County Counsel |
| Attn: | Mary Pat Barry, Esq. |
| From: | Robert Rabe, Esq. |
| Re: | United States of America v. Johnson and Kirsch |
| Date: | May 22, 2015 |
| Faxed by: | Jan Montgomery |

| DOCUMENTS | # OF PAGES (including cover)    22 |
|---|---|
| | |
| Motion for Order Allowing Access to Witnesses | 21 |
| | |
| | |

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 05/22/2015 15:12
                                    NAME  : STONE BUSAILAH
                                    FAX   : 6266835656
                                    TEL   : 6266835600
                                    SER.# : BROH2J391859
```

```
DATE,TIME              05/22  15:09
FAX NO./NAME           18055682982
DURATION               00:03:44
PAGE(S)                21
RESULT                 OK
MODE                   STANDARD
                       ECM
```

# STONE
# BUSAILAH, LLP
### A Partnership of Professional Law Corporations*

Michael P. Stone, P.C.*
Muna Busailah, P.C.*
Michael P. Stone
Muna Busailah †
Stephen P. Chulak
Michael D. Williamson
Robert M. Todd
Travis M. Poteat
Robert Rabe ‡

† Solicitor, England and Wales
‡ Barrister, England and Wales

□ 200 East Del Mar Boulevard, Suite 350
Pasadena, California 91105
Telephone: (626) 683-5600
Facsimile: (626) 683-5656

□ Riverside County Office
6215 River Crest Drive, Suite A
Riverside, California 92507-9749
Telephone: (951) 653-5152
Facsimile: (951) 656-0854

## FAX COVER SHEET

### FAX NUMBER TRANSMITTED TO:  (805) 568-2982

| | |
|---|---|
| To: | Office of County Counsel |
| Attn: | Mary Pat Barry, Esq. |
| From: | Robert Rabe, Esq. |
| Re: | United States of America v. Johnson and Kirsch |
| Date: | May 22, 2015 |
| Faxed by: | Jan Montgomery |

| DOCUMENTS | # OF PAGES (including cover)  22 |
|---|---|
| Motion for Order Allowing Access to Witnesses | 21 |

## Jan Montgomery

| | |
|---|---|
| **From:** | Jan Montgomery |
| **Sent:** | Friday, May 22, 2015 3:12 PM |
| **To:** | 'mpbarry@co.santa-barbara.ca.us' |
| **Subject:** | U.S. v. Johnson and Kirsch - Motion for Order Allowing Access to Witnesses |
| **Attachments:** | Motion for Order Allowing Access to Witnesses.pdf |

Attached please find Defendant Christopher Johnson's Motion for Order Allowing Access to Witnesses.  Thank you.

*Jan Montgomery*
*Legal Assistant*

**Stone**
**Busailah, LLP**
A Partnership of Professional Law Corporations
200 East Del Mar Blvd., Suite 350
Pasadena, CA 91105
Telephone: (626) 683-5600
Facsimile:    (626) 683-5656
Email:  j.montgomery@police-defense.com

1

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is Stone Busailah, LLP, 200 East Del Mar Boulevard, Suite 350, Pasadena, California 91105.

On May 22, 2015, I served the foregoing document described as **NOTICE OF MOTION AND MOTION FOR ORDER ALLOWING ACCESS TO WITNESSES; DECLARATIONS OF ROBERT RABE AND HERNANDES "HANK" LOBO** by placing the true copy(ies) thereof enclosed in sealed envelope(s) addressed as follows

Mary Pat Barry, Esq.
Office of County Counsel
County of Santa Barbara
105 East Anapamu Street, Suite 201
Santa Barbara, California 93101
Facsimile:  (805) 568 -2982
Email:  mpbarry@co.santa-barbara.ca.us

/ /    VIA MAIL
I deposited the envelope in the mail at Pasadena, California.  The envelope was mailed with postage thereon fully prepaid.

/ /    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

/X/   VIA FACSIMILE

/X/    I caused such documents to be transmitted from facsimile number (626) 683-5656 to the facsimile machines of the Office of County Counsel, County of Santa Barbara, (805) 568-2982, prior to 1700 hours on this date.  The facsimile machine I used was in compliance with Rule 1003(3) and the transmission was reported as complete and without error.  Pursuant to Rule 2205(e), I caused a copy of the transmission report to be properly issued by the transmitting facsimile machine.

/X/   VIA ELECTRONIC MAIL
The abovementioned document was served electronically on the parties listed at the email address below.  To the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

/X/   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/ /   (Federal) I declare that I am employed in the office of a member of the bar of this Court at which direction the service was made.

Executed on May 22, 2015 at Pasadena, California.

Jan Montgomery