MICHAEL C. GHIZZONI, COUNTY COUNSEL
MARY PAT BARRY, SR. DEPUTY (Bar No. 148354)
COUNTY OF SANTA BARBARA
105 E. Anapamu St., Suite 201
Santa Barbara, CA 93101
(805) 568-2950 / FAX: (805) 568-2983
E-mail: mpbarry@co.santa-barbara.ca.us

Attorneys for Defendants
COUNTY OF SANTA BARBARA,
ROCKWELL ELLIS, JOHN LANE,
and RICHARD ZEPF in
U.S.D.C. Case No. 2:14-cv-04149-BRO (SSx)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No: 2:14-cr-00208-BRO |
|---|---|
| Plaintiff, | **OPPOSITION OF INTERESTED PARTY COUNTY OF SANTA BARBARA TO DEFENDANT JOHNSON'S MOTION FOR ORDER ALLOWING ACCESS TO WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF MARY PAT BARRY** |
| v. | |
| | Hearing Date: 06/01/15<br>Time: 9:00 a.m. |
| CHRISTOPHER JOHNSON and ROBERT KIRSCH, | Judge: Hon. Beverly Reid O'Connell<br>Courtroom: 14 – Spring Street Floor |
| Defendants. | |

TO THE HONORABLE COURT AND ALL INTERESTED PARTIES:

The County of Santa Barbara provides the following opposition to Defendant Christopher Johnson's Motion for Order Allowing Access to Witnesses (Motion).

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The California State Bar's Rule of Professional Conduct exist to protect the public and to promote respect and confidence in the legal profession. When those rules are disregarded, the integrity of the judicial system is compromised. The County of Santa Barbara expected Christopher Johnson's counsel to adhere to the requirements of the Rules before engaging in communication with County employees who constitute parties under Rule 2-100(2)(B). Protection of attorney-client communications is critical to the administration of justice. The circumstances here support requiring Johnson's counsel to comply with the Rules, whether in the role of Johnson's criminal or civil counsel, before contacting County employees.

## STATEMENT OF FACTS

Christopher Johnson (Johnson), a former County of Santa Barbara Sheriff's Office (SBSO) custody deputy working in the County of Santa Barbara's Main Jail, stands indicted by a federal grand jury for assaulting Charles Owens while he was an inmate at the Main Jail, and thereby depriving Owens of his right under the U.S. Constitution not to be deprived of liberty without due process of law, a violation of 18 U.S.C. § 242, 2. Johnson also stands indicted for obstructing justice by preparing and submitting a false report concerning the use of force incident, a violation of 18 U.S.C. § 1512(b)(3).

Charles Owens has filed a civil action in this Court against Johnson, Robert Kirsch (Kirsch), the County of Santa Barbara (County), and current SBSO employees Deputy Rockwell Ellis (Ellis) and Sgt. Richard Zepf and former SBSO custody deputy John Lane. That matter is set for trial on January 5, 2016. The civil action alleges, among other things, violation of Owens's First, Fourth and Fourteenth Amendment rights by Johnson and the County. Owens's claims include excessive force claims against Johnson, Kirsch and Ellis. Owens

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

alleges liability against the County on grounds that Johnson acted pursuant to County policy, custom or practice in violating Owens's rights or on grounds that the County failed to train its employees to avoid a violating inmates' constitutional rights.

Johnson filed a cross-claim against the County in the civil action.

Johnson's counsel in the civil action is Robert Rabe of Stone Busailah, LLP. Santa Barbara County Counsel is counsel of record for the County, Rockwell Ellis, John Lane, and Richard Zepf. *See* Declaration of Mary Pat Barry (Barry Decl.), ¶ 1.

When Owens reported the alleged use of force to the SBSO, criminal and administrative investigations were conducted. During the criminal investigation, SBSO employees Janette Reynoso and Dalyn Watkins were interviewed, along with several other SBSO employees. Those interviews were audiotaped.

The civil action is in its discovery stage. Owens's counsel has deposed Custody Deputies Janette Reynoso and Timothy May, Sr. Custody Deputy Bobby Williamson, Deputy Rockwell Ellis, and Dalyne Watkins. An attorney for Johnson was present at all of those depositions. On May 20, 2015, Johnson's counsel served notice of the deposition of SBSO Sgt. Ronald Osborne. Sgt. Osborne was served with a Rule 45subpoena commanding his presence on June 4, 2015 at 10:00 a.m. Barry Decl. ¶¶ 4, 5, 11, 15.

On or about April 15, 2015, an individual representing himself as an attorney contacted one or more SBSO employees, including Janette Reynoso, and sought to interview those employees. Johnson's Motion includes a Declaration of Hernandes "Hank" Lobo establishing that Mr. Lobo was retained by Mr. Rabe's firm to interview witnesses in the Johnson criminal case. Mr. Rabe did not contact Santa Barbara County Counsel to obtain consent for those communications. Barry Decl. ¶ 9.

Johnson states in his Motion that his attorney needs to interview SBSO percipient witness and potential witness employees regarding: 1) the events surrounding the alleged use of excessive force on June 17, 2013; 2) use of force training and other training provided to Johnson by the SBSO; and 3) Johnson's character. Motion, p. 3:16-21.

## ARGUMENT

**I.   TO ENSURE THE PROPER FUNCTIONING OF THE ADMINISTATION OF JUSTICE AND THE INTEGRITY OF THE COURT, DEFENDANT JOHNSON'S MOTION SHOULD BE DENIED. THE COURT SHOULD REQUIRE JOHNSON'S COUNSEL TO COMPLY WITH RULE 2-100 OF THE CALIFORNIA STATE BAR RULES OF PROFESSIONAL CONDUCT.**

**A.   CRIMINAL TRIAL COUNSEL MUST COMPLY WITH THE RULES OF PROFESSIONAL CONDUCT OF THE STATE BAR OF CALIFORNIA.**

Local Civil Rule 83-3.1.2 of the United States District Court for the Central District of California requires every attorney to comply with the standards of professional conduct contained in the Rules of Professional Conduct of the State Bar of California. The United States District Court for the Central District of California has adopted those rules as the standards of professional conduct in the Central District.

Through that adoption, the United States District Court for the Central District seeks "to maintain the effective administration of justice and the integrity of the Court." L.R. 83-3.1.2. The Central District's focus on integrity applies in criminal court as well. Local Criminal Rule 57-1 provides that when the Local Civil Rules of the Central District of California are applicable directly or by analogy, they govern the conduct of criminal proceedings before the

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

District Court unless otherwise specified. Therefore, Local Civil Rule 83-3.1.2 is applicable to criminal proceedings in the Central District and attorneys in criminal cases must comply with the applicable standards of professional conduct.

### B. JOHNSON'S CRIMINAL TRIAL COUNSEL MUST COMPLY WITH RULE 2-100 WHEN SEEKING TO DIRECTLY OR INDIRECTLY CONTACT A COUNTY EMPLOYEE WHO IS A "PARTY" UNDER RULE 2-100.

Johnson's Motion concerns ex parte contacts with County of Santa Barbara employees. Rule of Professional Conduct 2-100 addresses communication with a represented party and, in pertinent part, states as follows:

> (A) While representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer.
>
> (B) For purposes of this rule, a "party" includes:
>
> (1) . . .
>
> (2) An association member or an employee of an association, corporation, or partnership, if the subject of the communication is any act or omission of such person in connection with the matter which may be binding upon or imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

Rule 2-100 applies in both criminal and civil cases. *Triple A Machine Shop, Inc. v. State of California,* 213 Cal.App.3d 131, 138 n.4, 139 (1989)

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

[referring to former Rule 7-103, which was replaced by Rule 2-100 on May 27, 1989].

Rule 2-100 protects the integrity of the court because it demands behavior consistent with legal ethics. In *United States v. Talao,* 222 F.3d 1133 (9th Cir. 2000), the Ninth Circuit stated as follows:

> In determining the applicability of Rule 2-100, we must be mindful of the fundamental reasons behind the venerable rule in legal ethics prohibiting ex parte contacts with represented parties. The rule exists in order to "'preserve . . . the attorney-client relationship and the proper functioning of the administration of justice.'" It is a rule governing attorney conduct and the duties of attorneys, and does not create a right in a party not to be contacted by opposing counsel. Its objective is to establish ethical standards that foster the internal integrity of and public confidence in the judicial system.

*Talao,* 222 F.3d at 1138 (quoting *Mills Land and Water Co. v. Golden West Refining Co.,* 186 Cal.App.3d 116, 230 Cal.Rptr. 461 (1986), quoting *Mitton v. State Bar,* 71 Cal.2d 525, 78 Cal.Rptr. 649, 654, 455 P.2d 753 (1969); *Triple A Machine Shop, Inc. v. State of California,* 213 Cal.App.3d 131 (1989) ("ex parte contact intrudes upon the function of opposing counsel and impedes his or her ability to properly represent the client.").

///
///
///
///
///
///

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

1.  <u>Johnson seeks to interview County employees who are already exposed to or are potentially exposed to civil liability. He seeks to interview County employees whose acts or omissions concern the subject matter of Johnson's use of force on June 17, 2013. All of these employees are parties for purposes of Rule 2-100(B)(2).</u>

Rule 2-100 applies to employees of an organization. In *San Francisco Unified School Dist. Ex rel Contreras v. First Student, Inc.*, 213 Cal.App.4th 1212, 153 Cal.Rptr.3d 583 (2013), the court addressed whether employees of a bus company were parties under the acts or omissions clause of subdivision (B)(2) of Rule 2-100. *San Francisco Unified School Dist. ex rel Contreras*, 213 Cal.App.4th 1212, 1231. The court referred to California tort and evidence law, stating "[i]t is well established under California tort law that the conduct of an employee acting within the scope of his employment is imputed to the employer under the doctrine of respondeat superior." *Id.*

The court then concluded that a bus mechanic was potentially a party within the meaning of Rule 2-100 where the subject matter of the lawsuit was his employer's allegedly inadequate repair and maintenance of its buses. The court reasoned: "Thus, if the subject matter of a communication with [the mechanic] was his acts or omissions while working as an FSI bus mechanic, the communication might well have been prohibited by rule 2-100." *Id.* at 1232.

Here, the subject matter of the civil lawsuit, in pertinent part, is the adequacy of SBSO's training of custody deputies in use of force and related matters. It is also, particularly as to Janette Reynoso and Rockwell Ellis, and every other SBSO employee present on June 17, 2013, both before and after Johnson's use of force, the acts or omissions of those employees while working as custody deputies. Communication with these employees without compliance with Rule 2-100 is improper and should be prohibited.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

2.  <u>Johnson seeks to interview County employees whose statements regarding SBSO training could be imputed to the County and constitute admissions on the part of the County. These employees are parties under Rule 2-100(B)(2).</u>

A public entity's employees have been held to qualify as "represented parties" under Rule 2-100(B)(2) because their statements can constitute admissions on the part of their employer in federal court. *United States Sierra Pacific Industries,* 857 F.Supp.2d 975, 980 (E.D. Cal. Nov. 18, 2011); *Guthrey v. California Dep't of Corrections and Rehabilitation,* Case No. 1:10-cv-02177-AWI-BAM, 2012 U.S. Dist. LEXIS 110862, *16-17 (E.D. Cal. August 7, 2012). Johnson seeks to interview SBSO employees regarding training in use of force and related matters. Statements of these employees could constitute admissions of the County in the civil case, which concerns SBSO's training in use of force and related matters. These employees are therefore represented parties under Rule 2-100(B)(2) and Johnson's counsel must comply with Rule 2-100 before contacting these employees.

### C. JOHNSON'S ARGUMENT FAILS TO RECOGNIZE THAT DEFENSE ACCESS TO WITNESSES MAY BE LIMITED WHEN JUSTIFIED BY COMPELLING CIRCUMSTANCES.

Johnson's Motion fails to discuss the complex circumstances giving rise to the issue presented here. Instead, Johnson appears to believe that if he uses bold font for the word "criminal," (Motion, p. 3:26; p. 4:16, p. 6:10) he need not discuss the issue of the County's and County employees' position in the civil action. Johnson cites no authority for his blanket statement that "[i]t should make no difference that the directive not to speak with defense counsel and/or their investigator may come from the County Counsel whose office is defending Santa Barbara County in a related civil action." Motion, p. 6:10-13.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

To support his position, Johnson relies primarily on *Gregory v. United States,* 369 F.2d 185 (D.C. Cir. 1966). *Gregory* concerned an appeal of a first degree murder conviction. At trial, identification of the liquor store robber responsible for the murder was the key issue. *Gregory,* 369 F.2d at 187. The prosecutor in the case advised several eye witnesses to the robbery and murder not to speak to anyone unless he were present. *Id.* The court determined that the prosecutor's advice to the eyewitnesses frustrated defense counsel's effort to learn what the eye witnesses were to testify to or how certain they were in their testimony and therefore denied the appellant a fair trial. *Id.* at 189.

In this case, Mr. Rabe has presumably received through criminal discovery the audiotaped interviews of the only two current SBSO employees who witnessed any part of the alleged use of force by Johnson in the Main Jail's bus hallway, namely Janette Reynoso and Dalyne Watkins. Mr. Rabe sat through the deposition of Janette Reynoso and asked her questions. His associate sat through the deposition of Dalyne Watkins but had no questions for her. See Declaration of Mary Pat Barry (Barry Decl.), ¶¶ 4, 5. Johnson's criminal defense counsel, unlike appellant in *Gregory,* cannot claim to not know what Reynoso and Watkins would testify to and how certain they are in their testimony.

Significantly, a criminal defendant's right to access to witnesses is not absolute. Where there is a fairly compelling justification, the government may interfere with defense access to witnesses. *United States v. Black,* 767 F.2d 1334, 1337(9th Cir. 1985). Acceptable interference may occur, for example, when a witness is in protective custody. In that circumstance, the trial court has the duty to ensure that defense counsel has access to the witness under controlled arrangements. *United States v. Walton,* 602 F.2d 1176, 1180 (4th Cir. 1979). "The better procedure is to allow the defense counsel to hear directly from the witness whether he would be willing to talk to the defense attorney, either alone or in the presence of his attorney." *Id.*

Compelling circumstances exist under the circumstances of this criminal case and Owens's civil actions to warrant a balancing of interests and requiring compliance with Rule 2-100. If the Court decides that Rule 2-100 does not apply here, County requests that the Court make clear that County Counsel may advise SBSO employees of their right to decline Johnson's request for an interview. This is a correct statement of the law and not improper. *Black,* 767 F.2d at 1338.

## CONCLUSION

For the reasons set forth above, County of Santa Barbara respectfully requests that this Court deny Johnson's Motion and order Johnson's counsel to comply with California Rules of Professional Conduct 2-100 prior to directly or indirectly communicating with County of Santa Barbara Sheriff's Office employees about the subject matter of Christopher Johnson's alleged use of excessive force against Charles Owens and training in use of force and other relevant training provided by the Santa Barbara County Sheriff's Office to its current and former employees, including Johnson.

Dated: May 27, 2015　　　　MICHAEL C. GHIZZONI
　　　　　　　　　　　　　COUNTY COUNSEL


By: /s/ - Mary Pat Barry
　　　Mary Pat Barry
　　　Sr. Deputy County Counsel
Attorneys for Defendants
COUNTY OF SANTA BARBARA, ROCKWELL ELLIS, JOHN LANE, and RICHARD ZEPF in U.S.D.C. Case No. 2:14-cv-04149-BRO (SSx)

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

# DECLARATION

MICHAEL C. GHIZZONI, COUNTY COUNSEL
MARY PAT BARRY, SR. DEPUTY (Bar No. 148354)
COUNTY OF SANTA BARBARA
105 E. Anapamu St., Suite 201
Santa Barbara, CA  93101
(805) 568-2950 / FAX: (805) 568-2983
E-mail: mpbarry@co.santa-barbara.ca.us

Attorneys for Defendants
COUNTY OF SANTA BARBARA,
ROCKWELL ELLIS, JOHN LANE,
and RICHARD ZEPF in U.S.D.C.
Case No. 2:14-cv-04149-BRO (SSx)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No: 2:14-cr-00208-BRO |
|---|---|
| Plaintiff, | **DECLARATION OF MARY PAT BARRY** |
| vs. | |
| CHRISTOPHER JOHNSON and ROBERT KIRSCH, | |
| Defendants. | |

<u>**DECLARATION OF MARY PAT BARRY**</u>

I, Mary Pat Barry, declare as follows:

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

1.	I am one of the attorneys of record for Defendants COUNTY OF SANTA BARBARA, ROCKWELL ELLIS, JOHN LANE, and RICHARD ZEPF in the civil action entitled <u>Charles Owens v. County of Santa Barbara, Christopher Johnson, Robert Kirsch, et al.</u>, United States District Court Case No. 2:14-cv-04149-BRO (SSx); and for Defendant County of Santa Barbara in the related cross-claims entitled <u>Christopher Johnson v. County of Santa Barbara</u> and <u>Robert Kirsch v. County of Santa Barbara</u>. If called as a witness, I could and would competently testify to the matters set forth herein of my own personal knowledge.

2.	The County of Santa Barbara (County) is being sued by former Santa Barbara County Jail inmate Charles Owens (Owens) for, among other things, the alleged use of excessive force against him by former County employees Christopher Johnson (Johnson) and Robert Kirsch (Kirsch). Owens's claims allege that Johnson and Kirsch's actions were consistent with a Santa Barbara Sheriff's Office (SBSO) policy, custom or practice of using excessive force against inmates or that Johnson and Kirsch's actions evidence that the County inadequately trained its custody deputies to handle the usual and recurring situations they must deal with and that the County was deliberately indifferent to the obvious consequences of that failure to train and thus caused Owens's injuries.

3.	Based on information he learned during discovery, Owens recently filed a Second Amended Complaint in his civil action, which added Rockwell Ellis (Ellis) and John Lane (Lane) as defendants. Ellis is a current SBSO deputy; Lane is a former SBSO custody deputy. Santa Barbara County Counsel is counsel of record for Ellis and Lane. Owens makes allegations against eight other County employees identified as Doe defendants.

4.	SBSO Custody Deputy Janette Reynoso (Reynoso) is a witness to some of the actions of Johnson related to his alleged use of excessive force

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

DECLARATION OF MARY PAT BARRY
2.

against Owens. Reynoso was deposed in the civil case on April 6, 2015. I represented Reynoso at her deposition. Johnson's counsel, Robert Rabe, was present for the deposition and asked Reynoso approximately seven questions, including a question about her SBSO training in the use of force.

5. SBSO civilian employee Dalyne Watkins is a witness to some of the actions of Johnson related to his alleged use of excessive force. Watkins was deposed in the civil case on April 7, 2015. I represented Watkins at her deposition. Johnson's counsel, Stephen Chulak, was present for the deposition and asked Watkins no questions.

6. Johnson states that he "needs to interview [SBSO] employees who are potential percipient witnesses to the events surrounding the incident that occurred on June 17, 2013." Motion, p. 3:16-18. Aside from Johnson, Kirsch, and Owens, Reynoso and Watkins are the only current County employees who can be described as "percipient witnesses" to Johnson's alleged excessive use of force.

7. Johnson also states that he needs to interview "SBCSO employees who are potential witnesses to 'use of force' and other relevant training provided to Christopher Johnson by the SBCSO." Motion, p. 3:19-20. Training in use of force and related matters is the subject matter of the allegations against the County in Mr. Owens's civil lawsuit.

8. During Reynoso's deposition, Plaintiff's counsel's questioning suggested that Plaintiff might seek to name Reynoso as a defendant in the civil lawsuit on a "failure to intercede" theory of liability.

9. The week after her deposition, I learned that Reynoso had been contacted by an "attorney" who wished to speak to her. I discovered that the "attorney" was a private investigator named Hank Lobo who sought to question Reynoso. I did not know the subject matter of the intended questioning, but suspected it could be related to the Owens case.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

DECLARATION OF MARY PAT BARRY
3.

10. I am aware that California Rule of Professional Conduct 2-100 addresses a member's direct or indirect communication with a party the member knows is represented by another lawyer in a matter, unless the member has the consent of the other lawyer. The U.S. District Court for the Central District of California has adopted the Rules of Professional Conduct of the State Bar of California as the standards of professional conduct. Local Rule 83-3.1.2.

11. On April 16, 2015, I attended the depositions of SBSO employees Bobby Williamson, Rockwell Ellis (a named defendant in the civil action); and of California Highway Patrol officer Kevin Taulbee. I represented Mr. Williamson and am counsel of record for Rockwell Ellis in the civil action. At the conclusion of the final deposition that day, as I was walking out of the room, Mr. Rabe sought my attention to state that he had an investigator who was contacting SBSO employees. This was the first time Mr. Rabe ever mentioned the matter. Mr. Rabe's declaration filed with the Motion states that it was his "intention" to meet with me to discuss the situation and "inform [me] such action by the Santa Barbara County Sheriff's office violated Christopher Johnson's Constitutional Rights because it interfered with his ability to secure witness testimony." That may have been Mr. Rabe's "intention," however he never stated any of those things. When he briefly raised the subject of a private investigator contacting SBSO employees, I stated to him that I considered direct contacts by him or his investigator with SBSO employees regarding the Owens matter to be contacts with a party; that his investigator's direct contact with SBSO employees without the consent of the County's lawyer was improper; and that any desire to communicate with County SBSO employees about the subject matter of the Owens case should be addressed to a County lawyer. I then departed the deposition.

12. Mr. Rabe did not respond; did not ask to discuss the matter; and never sought to meet and confer regarding the matter.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

DECLARATION OF MARY PAT BARRY
4.

13. I heard nothing more about the issue until I received a letter from Mr. Rabe almost exactly one month later. That letter was sent <u>via e-mail at 5:31 p.m. on Friday, May 15, 2015</u>. Neither Mr. Rabe's e-mail nor his attached letter requested a conference or response from me of any kind. His letter concluded with the statement "We trust that, after reviewing the relevant authorities, our investigator will have no further problems setting up meetings with witnesses who may desire to speak with us and possibly assist in the defense in the **criminal** matter." Motion, Ex. 2. Mr. Rabe did not follow-up with any other communication. Mr. Rabe states in his declaration at paragraph 5 that his May 15, 2015 letter (e-mailed Friday at 5:31 p.m.) was "an attempt to resolve this situation without involving the Court." Presumably, he knew that he intended to involve the Court during his appearance at the criminal case status conference at 9:00 a.m. the following Monday. This raises the question of when he expected to "resolve this situation" between 5:31 p.m. Friday night May 15, 2015 and 9:00 a.m. on Monday, May 18, 2015 when he was scheduled to appear in court.

14. Having made no effort that I am aware of to "resolve the issue" prior to his court appearance the following Monday, Mr. Rabe appeared for a status conference in this case and raised the issue of interviews of law enforcement witnesses. The Court's order following that hearing orders counsel to inform the Court if a resolution occurs. Mr. Rabe made no effort to contact me after that hearing to attempt to resolve the issue. Rather, I learned of the events at the status conference from the Assistant U.S. Attorney, Lawrence S. Middleton, through a telephone call on Tuesday, May 19, 2015.

15. On May 21, 2015, Mr. Rabe served SBSO Sgt. Ronald Osborne with a deposition subpoena to take his deposition on June 4, 2015 at 10:00 a.m. I will represent Sgt. Osborne at his deposition.

16. On May 26, 2015, I contacted Mr. Rabe by telephone to meet and confer regarding the Motion. I attempted to reach some agreement with Mr.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

DECLARATION OF MARY PAT BARRY
5.

Rabe that as to SBSO employees who are potential character witnesses on behalf of Johnson, and not percipient witnesses to the events of June 17, 2013 or witnesses regarding SBSO use of force or related training, the County would not consider those contacts to require consent under Rule 2-100. Mr. Rabe expressed no interest at all in trying to resolve, even in this limited way, the issues raised by his Motion. Mr. Rabe went so far as to state that he could directly or through his investigator contact Rockwell Ellis, a named party in the civil action who is represented by County Counsel, and seek to interview Ellis about the events of June 17, 2013 without first obtaining the consent of County Counsel because he would be acting in Johnson's **criminal** case. The parties were unable to resolve the issues raised in the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of May, 2015 at Santa Barbara, California.

/S/ - Mary Pat Barry
MARY PAT BARRY

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

DECLARATION OF MARY PAT BARRY
6.