MICHAEL P. STONE, SBN 91142
MUNA BUSAILAH, SBN 166328
ROBERT RABE, SBN 72312, members of
STONE BUSAILAH, LLP
*A Partnership of Professional Law Corporations*
200 East Del Mar Boulevard, Suite 350
Pasadena, California 91105

Telephone:    (626) 683-5600
Facsimile:    (626) 683-5656
Email:        j.montgomery@police-defense.com

Attorneys for Defendant, CHRISTOPHER JOHNSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER JOHNSON and ROBERT KIRSCH,<br><br>Defendants. | NO. CR 14-00208-BRO<br><br>**REPLY TO OPPOSITION TO MOTION FOR ORDER ALLOWING ACCESS TO WITNESSES**<br><br>(Assigned for all Purposes to Honorable Beverly Reid O'Connell, United States District Judge)<br><br>MOTION DATE:  June 1, 2015<br>                9:00 a.m.<br><br>FINAL STATUS<br>CONFERENCE:  June 8, 2015<br>              9:00 a.m.<br><br>TRIAL DATE:   June 16, 2015<br>              8:30 a.m. |

## I. INTRODUCTION

It is obvious that the right and proper interest of the government in this case is to justly and fairly secure a criminal conviction. What is not so obvious, is that Santa Barbara County also has an interest in this case, in that its legal position in the related civil service appeal will be favorably affected by a conviction.

///

///

Christopher Johnson's civil service appeal arises out of adverse action taken against him by Santa Barbara County, and involves the very same issues and incidents that are at stake in this case. The Santa Barbara County Counsel represents the Santa Barbara County Sheriff's Department in Johnson's civil service appeal. A felony conviction will profoundly affect Johnson's appeal to the County's extreme advantage, and foreclose his reinstatement.

Both the government and the Santa Barbara County Counsel oppose allowing Christopher Johnson freedom of access to witnesses in this criminal case, **that he would have had**, but for the filing of a civil action by plaintiff Charles Owens (No. 2:14- CV 04149 BRO).

## II. DISCUSSION

Respectfully, the Court is asked to decide if the filing of a civil action by the complainant in a criminal case can lessen a **criminal** defendant's constitutional right to present a defense? Further, should a **criminal** defendant's constitutional right to have access to witnesses be in any way restricted because of that civil action - especially when the agency employer arguing against such access will benefit from such restrictions, (i.e., actions that could increase the likelihood the defendant will be convicted). Respectfully, this Court should not countenance interference with the constitutional rights of a criminal defendant by a government agency employer that **is alleging and must prove** that Christopher Johnson committed the charged acts in the collateral civil service appeal.

In order to present his defense, Johnson seeks to interview Santa Barbara County Sheriff's Department ("SBCSD") employees who are potential percipient witnesses to the events surrounding the incident that occurred on June 17, 2013, SBCSD employees who are potential witnesses to "use of force" and other relevant training provided to Christopher Johnson by the SBCSD, and SBCSD employees who

are potential (co-worker) character witnesses on behalf of Christopher Johnson.[1]

If the complainant in this case had **not** filed a civil action, it is unlikely the Santa Barbara County Counsel would attempt to justify such interference with Johnson's access to these witnesses, or to place restrictions upon such access as to make any such "access" meaningless.[2]

A criminal defendant's **constitutional right** to present a complete defense is safeguarded by allowing access to potential witnesses. Such constitutional rights should not be abrogated or subjugated by a State Bar rule that has no application in this **criminal** matter.

A violation of a rule of professional conduct does not give rise to a cause of action, nor does it create any presumption that a legal duty has been breached. (See Rule 1-100.) The rules of professional conduct are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purposes of the rules can be subverted where, as here, they are **invoked by opposing parties as procedural weapons**. The fact that a rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the rule. Accordingly, nothing in the rules should be deemed to augment any substantive legal duty of lawyers or the extradisciplinary

---

[1] It appears that the Santa Barbara County Counsel does not object to Johnson contacting potential "character witnesses", but **only** if they are not "percipient" witnesses or potential witnesses to "use of force" and other relevant training. Since all potential character witnesses would fall under either or both of these exceptions, such concession is meaningless.

[2] That is, unless the same actions were taken because the Santa Barbara County Counsel also represents the Santa Barbara County Sheriff's Department in the civil service appeal.

consequences of violating such a duty. (See, the Kutak Commission's recommended scope for the American Bar Association Model Rules of Professional Conduct.) Rule 1-100 authorizes the rules and standards promulgated by other bar associations to be considered by this Court.

The comments to Rule 2-100 state that the rule does not apply when "a statutory scheme or case law will override the rule. There are a number of express statutory schemes which authorize communications between a member and person who would otherwise be subject to this rule."

Here, the United States Constitution itself, and relevant case law, must and does "override" any State Bar rule that purports to limit a defendant's access to witnesses in a **criminal** case. The Supremacy Clause renders that proposition axiomatic.

The State Bar of California itself has recognized this exception to the rule. On July 20, 2011, the State Bar submitted a group of proposed Rules of Professional Conduct to the Supreme Court for approval. Proposed Rule 4.2: Communication with a Person Represented by Counsel, is substantively similar to the current Rule 2-100, any changes are inconsequential. Although this proposed Rule will not become effective unless approved by the California Supreme Court, this Court will benefit from reviewing the comment section of the proposed Rule, as it addresses situations that are relevant to **current practice** regarding communication with a represented person. (The proposed Rule and comments can be found here, http://ethics.calbar.ca.gov/Committees/RulesCommission/June25262010MeetingMaterialsProposed.aspx)

> The comment in proposed Rule 4.2 notes: "Former Rule 2-100 prohibited communications with a 'party' represented by another lawyer, while paragraph (a) of this Rule prohibits communications with a 'person' represented by another lawyer. This change is not intended to preclude legitimate communications by or on behalf

of prosecutors, or other lawyers representing governmental entities in civil, criminal, or administrative law enforcement investigations, that were recognized by the former Rule as authorized by law, or to expand or limit existing law that permits or prohibits communications under paragraph (c)(3). This change also is not intended to preclude the development of the law with respect to which criminal and civil law enforcement communications are authorized by law. **Nor is this change intended to preclude legitimate communications by or on behalf of lawyers representing persons accused of crimes that might be authorized under the Sixth Amendment or other constitutional right.**" (Emphasis added.)

Notwithstanding current Rule 2-100, the "meaningful opportunity to present a complete defense", as guaranteed by the Constitution, is denied when there is interference with a **criminal** defendant's ability to secure witness testimony. In this case, defendant Christopher Johnson has been denied freedom of access to interview witnesses by the Santa Barbara County Sheriff's Office and/or the Santa Barbara County Counsel.

## III. CONCLUSION

For all of the above stated reasons, it is respectfully requested that this Court make a finding that there has been interference with Christopher Johnson's right to freedom of access to witnesses, that such action by a government agency may prevent Christopher Johnson from having a "meaningful opportunity to present a complete defense", and fashion an appropriate remedy which will allow Christopher Johnson to exercise his rights and have freedom of access to these witnesses without such interference.

1       In this case, Johnson respectfully suggests it may be appropriate for this Court
2 to instruct and order those responsible for the interference to stop such action and
3 refrain from doing so. It may also be appropriate to instruct and order the SBCSD to
4 withdraw the directive issued to its employees not to speak with the attorneys
5 representing Christopher Johnson and/or his investigator, and issue a further directive
6 to these potential witnesses that they are free to discuss the facts and circumstances
7 surrounding this case with the attorneys representing Christopher Johnson and/or his
8 investigator, without restrictions, should they desire to do so.

10 Dated: May 29, 2015                             STONE BUSAILAH, LLP

11                                                 /s/ Robert Rabe

13                                                 ROBERT RABE, Attorneys for
                                                Defendant Christopher Johnson

|  |  |
|---|---|
| 1 | PROOF OF SERVICE |
| 2 | STATE OF CALIFORNIA, COUNTY OF LOS ANGELES: |

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is Stone Busailah, LLP, 200 East Del Mar Boulevard, Suite 350, Pasadena, California 91105.

On May 29, 2015, I served the foregoing document described as **REPLY TO OPPOSITION TO MOTION FOR ORDER ALLOWING ACCESS TO WITNESSES** by placing the true copy(ies) thereof enclosed in sealed envelope(s) addressed as follows

Mary Pat Barry, Esq.
County of Santa Barbara
105 East Anapamu Street, Suite 201
Santa Barbara, California 93101

/X/ VIA MAIL
I deposited the envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

/X/ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

/ / VIA FACSIMILE

/X/ I caused such documents to be transmitted from facsimile number (626) 683-5656 to the facsimile machines of _____, ( ) _____, prior to 1700 hours on this date. The facsimile machine I used was in compliance with Rule 1003(3) and the transmission was reported as complete and without error. Pursuant to Rule 2205(e), I caused a copy of the transmission report to be properly issued by the transmitting facsimile machine.

/ / VIA PERSONAL SERVICE
I delivered the foregoing document by hand delivery to the addressee.

//X/ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/ / (Federal) I declare that I am employed in the office of a member of the bar of this Court at which direction the service was made.

Executed on May 29, 2015 at Pasadena, California.

_Jan Montgomery_