UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 14-00208-BRO | Date | June 1, 2015 |
|---|---|---|---|

| Present: The Honorable | **BEVERLY REID O'CONNELL, UNITED STATES DISTRICT JUDGE** |
|---|---|
| Interpreter | N/A |

| Renee Fisher | Myra Ponce – Not Present | Lawrence S Middleton, AUSA – Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1) Christopher Johnson | Not | | √ | 1) Robert Rabe | Not | | √ |
| 2) Robert Kirsh | Not | | √ | 2) William Joseph Hadden | Not | | √ |

**Proceedings:**   (IN CHAMBERS)

**ORDER RE: DEFENDANT'S MOTION TO INTERVIEW LAW ENFORCEMENT WITNESSES**

**I.   INTRODUCTION**

At the status conference in this matter on May 11, 2015, counsel for defendant Christopher Johnson informed the Court that his investigator was unable to interview law enforcement witnesses, thereby precluding Johnson from adequately preparing his defense in this matter. The Court set an expedited briefing schedule in this matter to resolve the issue before the impending June 16, 2015 trial date. On May 22, 2015, Johnson filed a Motion for Order Allowing Access to Witnesses. (Dkt. No. 39.) On May 28, 2015, the interested party, County of Santa Barbara, opposed Johnson's motion. (Dkt. No. 41.) That same day, the government filed a Response to Johnson's motion. (Dkt. No. 40.) On May 29, 2015, Johnson filed a Reply to Opposition to Motion for Order Allowing Access to Witnesses. (Dkt. No. 44.) On June 1, 2015, the Court heard argument of counsel and the interested party. As detailed below and to supplement the Court's oral ruling on June 1, 2015, the Court hereby issues the following protective order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES – GENERAL**

## II.  FACTS

The Indictment in this case alleges that defendants Johnson and Kirsch assaulted an inmate housed in the Santa Barbara County Mail Jail. (Dkt. No. 1.) In addition, the government avers that Johnson filed a report regarding the incident which contained false statements of fact. (Dkt. No. 1.) The inmate has filed a related civil case seeking monetary damages against the County of Santa Barbara, Johnson, Kirsch, and other employees. *See Owens v. County of Santa Barbara, et al.*, No. CV 14-4149-BRO (SSx). In connection with Johnson's defense of the criminal matter, he seeks to interview Santa Barbara County employees. (Dkt. No. 39.) Johnson maintains that the employees were willing to meet with him, but have been instructed by Santa Barbara's counsel not to meet with the defense. Interested party Santa Barbara's counsel, Ms. Mary Barry, maintained that she did not object to the meetings, but simply requested that they take place when she was present. Ms. Barry invoked California Rule of Professional Conduct 2-100, which prohibits a counsel from meeting with a party or employee of an association without the attorney's consent. Johnson replied that given that this matter is a criminal case, the Sixth Amendment's protections and the Due Process Clause would be violated. Johnson also argued that Santa Barbara could use the information to its advantage, in either the administrative proceedings or the related civil matter.

## III.  DISCUSSION

California Rule of Professional Conduct 2-100 provides in pertinent part:

(A) While representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer.

(B) For purposes of this rule, a "party" includes:
   (1) . . .
   (2) An association member or an employee of an association, corporation, or partnership, if the subject of the communication is any act or omission of such person in connection with the matter which may be binding upon or imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

Cal. R. Prof. Conduct 2-100. District courts have precluded attorneys from utilizing statements obtained in violation of California Rule of Professional Conduct 2-100 in connection with civil cases. *See Guthrey v. Cal. Dep't of Corr. and Rehab.*, No. CV 10-02177 BAM, 2012 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES - GENERAL**

3249554 (E.D. Cal. Aug. 7, 2012); *United States v. Sierra Pac. Indus.*, 857 F. Supp. 2d 975 (E.D. Cal. 2011); *but see Curry v. Contra Costa Cnty.*, No. CV 12-03940 WHO, 2014 WL 1724431 (N.D. Cal. April 30, 2014).

The Court is mindful that Johnson enjoys revered protections in investigating and presenting his defense in a criminal case. Yet, at oral argument Ms. Barry did not object to the interviews, but only requested that she be present. In addition, the Court is persuaded that Johnson should enjoy an unfettered dialogue without any fear that interested party Santa Barbara will gain an advantage as a result of the interviews. Giving deference to Johnson's defense, while balancing Santa Barbara's interest in maintaining its attorney-client privilege and controlling binding admissions, the Court reaches the following result.

Attorney Ms. Barry, who is defending the civil case, SHALL NOT be present during any interviews. Attorney Victoria Tuttle, who is overseeing the administrative hearings, SHALL NOT be present during any interviews. Only attorney Kevin Ready, who functions as an advisor to the Santa Barbara County Sheriff's Department, shall be present. The United States prosecution team SHALL NOT be present. Attorney Ready SHALL NOT communicate any details of the interviews to Attorney Tuttle, Attorney Barry, the United States prosecution team, or anyone affiliated with any of the related actions, whether criminal, civil, or administrative.

## IV. CONCLUSION

For the foregoing reasons, the Court ISSUES the above protective order.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |